IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

GERARDO ZAPATA-REYES,
          Plaintiff,

v.

ROBERT JUSTIN DRISCOLL,
          Defendant.
_____/

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JUL 11  PM 12 44

STEPHAN HARRIS, CLERK
CHEYENNE

Case No. 14-CV-139-J

LEGAL MALPRACTICE CIVIL SUIT COMPLAINT

**NOW COMES,** Gerardo Zapata-Reyes proceeding pro se Plaintiff, moving this Honorable Court pursuant to 28 U.S.C. § 1332 and respectfully requesting that this Court **GRANT** said complaint scheduling for a jury trial based upon the foregoing:

1. Plaintiff Zapata-Reyes asserts that on February 6, 2013, the Honorable Nancy D. Freudenthal **GRANTED** his § 2255 motion and ruled that his ex-lawyer was ineffective assistance of counsel in violation of his Sixth Amendment Rights.

2. Plaintiff Zapata-Reyes contends that during the late 2011 my family retained Attorney Robert Justin Driscoll represent him in his proceedings in U.S. District Court by paying Attorney Driscoll $15,000.00.

3. Plaintiff brings this Legal Malpractice Civil Suit pursuant to 28 U.S.C. § 1332, in light of diversity of citizenship in which the amount is over $75,000.00 in the matter herein.

4. Plaintiff Zapata-Reyes asserts that an attorney-client relati-

onship existed between Plaintiff Zapata-Reyes and Defendant Robert J. Driscoll during his proceedings in U.S. District Court in the cuase of: United States v. Gerardo Zapata-Reyes, Case No. 1:10-cr-00314-NDF.

5. Plaintiff Zapata-Reyes argues firmly that the Honorable Judge Nancy D. Freudenthal issued an **Order** Vacating his sentence in light of his ex-lawyer ineffectiveness, thus triggering the right pursuant to Heck v. Humphrey, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994), to bring § 1983 claim of legal malpractice in the case herein.

6. Plaintiff Zapata-Reyes argues firmly that Attorney Robert J. Driscoll had a professional duty to represent him based upon Judge Freudenthal **Order** GRANTING § 2255 post-conviction remedy relief vacating his sentence in light of ineffective assistance of counsel in violation of his Sixth Amendment Rights. Thus, Plaintiff Zapata-Reyes argues this constitutes a breach of duty on behalf of the Defendant in this cause in the case at bar. Plaintiff Zapata-Reyes argues firmly that that the Defendant's breach of duty is **"obvious"** not requiring expert testimony pursuant to Wyoming law or where as here a 'lay person's common sense and experience' exception should be applicable in the case at bar. See **Moore**, 855 P.2d at 1249.

However, because his ex-lawyer Attorney Driscoll's failure to abide by his specific instruction to file an notice of appeal and consult with him after his federal sentencing is sufficient to establish a breach of a professional duty **without** expert testimony in the matter herein.

7. Plaintiff Zapata-Reyes states that the merits were proven by U.S. District Court Judge Freudenthal in his February 6, 2013 **ORDER** vacating his sentence in light of ineffective assistance

of counsel in the case herein. Therefore, his legal malpractice civil suit action is based upon an breach of duty rendered by his ex-lawyer the Defendant in this cause Attorney Robert J. Driscoll which is in fact the proximate cause of his damages in the matter herein.

8. Plaintiff Zapata-Reyes, respectfully request this Honorable Court award damages to be recovered from his § 1983 civil suit action Compensatory Damages in the sum of $100,000.00; Nominal Damages in the sum of $75,000.00; and Punitive Damages in the sum of $75,000.00 for a total of $250,000.00 in the case at bar.

In conclusion, Plaintiff Zapata-Reyes concludes that this Honorable Court should **GRANT** civil suit action and submit for jury trial in matter herein.

Respectfully Submitted,

Date: 7 / 6 / 14

Gerardo Zapata
Mr. Gerardo Zapata-
Reyes
#11800-091
FCI-Milan
P.O. Box 1000
Milan, MI. 48160

## Certificate of Service

I, Gerardo Zapata-Reyes, certify that on ___July___, __6th__, 2014, I mailed by First Class U.S. Mail the original copy and two   copies of my pro se  Legal Malpractice Civil Suit Action to this Honorable Court at the said address listed below herein:

Clerk of the Court
U.S. District Court
2120 Capitol Ave.
Room 2141
Cheyenne, WY. 82001


Date: _7_ / _6_ / _14_                    /s/ _Gerardo Zapata_
                                            Mr. Gerardo Zapata-
                                            Reyes
                                            pro se Plaintiff

## Affidavit of Gerardo Zapata-Reyes

I, Gerardo Zapata-Reyes, swear and declare under penalties of of perjury that the sworn statements herein are true to the best of my knowledge, information and belief.

The sworn statements and declarations herein are being submitted to support my Legal Malpractice Civil Suit Action in the matter herein.

1. On February 6, 2013, the Honorable Nancy D. Freudenthal **GRANTED** my § 2255 motion and ruled that my ex-lawyer in which was ineffective assistance of counsel in violation of my Sixth Amendment Rights failed to file a notice of appeal as instructed to do so by me.

2. During late 2011 and through out my proceedings in U.S. District Court, I was represented by my retained counsel of record Attorney Robert Driscoll my family retained him by paying Mr. Driscoll $15,000.00.

3. I bring a legal malpractice civil suit pursuant to 28 U.S.C. § 1332, in light of diversity of citizenship the amount in controversy is over $75,000.00.

4. I had an attorney-client relationship that existed between myself and Attorney Robert Driscoll during my proceedings in U.S. District Court in the cause of: United States v. Gerardo Zapata-Reyes, Case No. 1:10-cr-00314-NDF.

5. Because U.S. District Court Judge Nancy D. Freudenthal issued an **ORDER Vacating** my sentence in light of my ex-lawyer ineffectiveness, thus triggering the right pursuant to Heck v. Humphrey, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994), to bring § 1983 claim

of legal malpractice in the case at bar.

6. As the result of Attorney Robert Driscoll having a professional duty to represent me based upon Judge Freudenthal **ORDER GRANTING** § 2255 post-conviction remedy relief vacating my sentence in light of ineffective assistance of counsel in violation of my Sixth Amendment Rights. Thus, this constitutes a breach of duty on behalf of defendant my ex-lawyer Robert Driscoll in the case at bar. My ex-lawyer Attorney Robert Driscoll is the Defendant in my legal malpractice civil suit action the breach is **"obvious"** not requiring expert testimony pursuant to Wyoming law or where as here a 'lay person's common sense and experience' exception should be applicable in the case at bar. See <u>Moore</u>, 855 P.2d at 1249.

However, because my ex-lawyer Attorney Driscoll's failure to abide by my specific instruction to file a notice of appeal and consult with me after my federal sentencing is sufficient to establish a breach of a professional duty **<u>without</u>** expert testimony in the case herein.

7. I assert that the merits were proven by U.S. District Court Judge Freudenthal in his February 6, 2013 **ORDER** vacating my sentence in light of ineffective assistance of counsel in the case at bar. Therefore, my legal malpractice civil suit action is based upon breach of duty rendered by my ex-lawyer Attorney Robert Driscoll which is in fact the proximate cause of my damages in the matter herein.

8. I seek the following damages to be recovered from my § 1983 civil action **Compensatory Damages** in the sum of $100,000.00; **Nominal Damages** in the sum of $75,000.00; and **Punitive Damages**

in the sum of $75,000.00 for total of $250,000.00 requested to be awarded in the civil action in the case at bar.

For all the said reasons herein my ex-lawyer was in fact negligent and my § 1983 civil suit action should be submitted for jury trial in the matter herein.

Respectfully Submitted,

Date: 4 / 16 / 2014

Notary Public:

*Tracy Diane Sizemore*

TRACY DIANE SIZEMORE
NOTARY PUBLIC, STATE OF MI
COUNTY OF WASHTENAW
MY COMMISSION EXPIRES NOV. 02, 2018
ACTING IN THE COUNTY OF

*Gerardo Zapata Reyes*

Mr. Gerardo Zapata-
Reyes
#11800-091
FCI-Milan
P.O. Box 1000
Milan, MI. 48160